UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ZIOLKOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-01070-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 34 |

In his amended complaint, Lead Plaintiff Michael J. DuDash asserts violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 against Netflix, Inc. ("Netflix"), Reed Hastings, and David Wells (collectively, "Defendants"). Plaintiff raises these claims on behalf of himself and other similarly situated persons who purchased or otherwise acquired Netflix common stock between July 21, 2014 and October 15, 2014. Dkt. No. 32 ("FAC") at 1.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. *See* Dkt. No. 34 ("Mot."). Plaintiff filed an opposition, Dkt. No. 43 ("Opp."), and Defendants replied, Dkt. No. 46 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** the motion with **LEAVE TO AMEND**.[1]

**I.　LEGAL STANDARD**

　**A.　Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] The Court finds that this matter is appropriate for disposition without oral argument. *See* Civil L.R. 7-1. The relevant allegations are set forth in Part II of this order.

8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### B. Heightened Pleading Standards

Section 10(b) of the Securities Exchange Act of 1934 provides that it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance . . . ." 15 U.S.C. § 78j(b). Under this section, the Securities and Exchange Commission promulgated Rule 10b-5, which makes it unlawful, among other things, "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5. To prevail on a claim for violations of either Section 10(b) or Rule 10b-5, a plaintiff must prove six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S.

2

148, 157 (2008).

At the pleading stage, a complaint alleging claims under Section 10(b) and Rule 10b-5 must not only meet the requirements of Rule 8 but also satisfy the heightened pleading requirements of both Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Additionally, all private securities fraud complaints are subject to the "more exacting pleading requirements" of the PSLRA, which require that the complaint plead with particularity both falsity and scienter. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). With respect to forward-looking statements, "a defendant will not be liable for a false or misleading statement if it is forward-looking and *either* is accompanied by cautionary language *or* is made without actual knowledge that it is false or misleading." *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1141 (9th Cir. 2017) (quoting *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112–13 (9th Cir. 2010)).

## II. DISCUSSION

Plaintiff's FAC alleges that in statements related to Defendants' operating results for the second quarter of 2014 ("Q2"), Defendants intentionally made materially false and misleading statements and omissions by minimizing the effects of a recently enacted pricing increase on subscription figures. FAC ¶¶ 72–80. Plaintiff claims that in connection with Defendants' announcement of Netflix's financial results for the following quarter ("Q3"), Defendants essentially admitted to investors that the pricing increase "substantially hindered subscription growth," even during Q2. *Id.* ¶ 89.

Defendants move to dismiss all of the FAC's claims on three grounds: (1) failure to adequately plead that Defendants made false or misleading statements; (2) failure to adequately plead scienter; and (3) Plaintiff's claims are time-barred. Mot. at 2–3.

### A. Materially False or Misleading Statements and Omissions

Defendants argue that the FAC fails to plead particularized facts indicating that the

contested statements were materially false or misleading when made. *Id.* at 8–13. The Court agrees. To survive this ground for dismissal, Plaintiff must "identify[] the statements at issue and set[] forth what is false or misleading about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

With regard to falsity, that element is adequately alleged "when a plaintiff points to [the] defendant's statements that directly contradict what the defendant knew at that time." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). A statement is misleading "if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (quotations and alterations omitted). Misleading statements "must be 'capable of objective verification.'" *Id.* (quoting *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014)). "For example, 'puffing'— expressing an opinion rather than a knowingly false statement of fact—is not misleading." *Id.*

"Even if a statement is not false, it may be misleading if it omits material information." *Khoja*, 899 F.3d at 1008–09. "[A]n omission is material when there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information available." *Markette v. XOMA Corp.*, No. 15-CV-03425-HSG, 2017 WL 4310759, at *7 (N.D. Cal. Sept. 28, 2017) (internal quotations and citations omitted). But omissions are actionable only where they "make the actual statements misleading": it is not sufficient that an investor "consider the omitted information significant." *Id.*

Whether Plaintiff alleges an omission or misstatement, an actionable representation must be material. For purposes of a 10b-5 claim, "a misrepresentation or omission is material if there is a substantial likelihood that a reasonable investor would have acted differently if the misrepresentation had not been made or the truth had been disclosed." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

The FAC identifies several of Defendants' statements that allegedly misled investors as to the effect of a recently enacted price increase on Netflix's Q2 subscription figures. *See* Opp. at

4

11–16. In a shareholder letter, the Defendants stated that (1) their "net additions in the U.S. remain[ed] on par with last year," and (2) "[t]here was minimal impact on membership growth from this price change." FAC ¶¶ 72–73. And during an earnings call on the same day, Defendant Hastings described the price change's impact as "pretty nominal," "background noise," and having made "no noticeable effect in the business." *Id.* ¶ 74. According to Plaintiff, these statements were misleading and/or misrepresented material facts, because the price increases "***had*** substantially and negatively impacted Netflix's Q2 growth." *Id.* ¶ 75. Finally, Defendants' Q2 quarterly report did not include the price increase as a "risk factor," which Plaintiff claims was a misstatement because "Defendants knew that subscription price hikes at Netflix could negatively impact the Company's subscriber numbers." *Id.* ¶ 78.

Contrary to Plaintiff's claims, the allegations in the complaint do not establish that Defendants' statements were actionable false statements. To start, Plaintiff does not contend that the "net additions in the U.S." objectively *were not* on par with the previous year. In addition, the other challenged statements are not objectively verifiable. *See Or. Pub. Emps. Ret. Fund*, 774 F.3d at 606 (explaining that a "mildly optimistic, subjective assessment hardly amounts to a securities violation"). For these opinion statements, Plaintiff fails to adequately allege, as he must, that "Defendants 'did not hold the belief [they] professed and that the belief is objectively untrue.'" *See Markette*, 2017 WL 4310759, at *5 (quoting *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 616 (9th Cir. 2017)). Plaintiff argues that Defendants did not believe the impact of the price increase was "minimal," "nominal," "background noise," and having made "no noticeable effect" when the statements were made, but alleges no plausible facts supporting his claim. For example, Plaintiff claims that Defendants admitted the price change had a substantially negative impact on growth that was temporarily mitigated by the release of a new season for a popular show when Defendants announced Netflix's financial results for the following quarter. *See* FAC ¶ 85. But as Defendants point out, those later statements amounted to only hindsight analysis. Mot. at 11–12 (quoting Defendants' later statements, which provided that "as best we can tell," the price increase contributed to lower-than-expected subscription figures, and that "[i]n *hindsight*, we believe that [in] late Q2 and early Q3

5

. . . the impact of higher prices appeared to be offset for about two months by the large positive reception to [a popular show]") (citing FAC ¶¶ 86, 130); *see In re Fusion-io, Inc. Sec. Litig.*, No. 13-CV-05368-LHK, 2015 WL 661869, at *18 (N.D. Cal. Feb. 12, 2015).

Plaintiff also cannot overcome his burden of pleading falsity with the required particularity by arguing that Defendants' data aggregator, Cassandra, will provide the particularity the FAC lacks. FAC ¶¶ 106–18. The burden is on Plaintiff to present facts plausibly showing that the price increase's impact on subscription figures was not minimal, not nominal, not background noise, and made a noticeable effect in the business, and that the Defendants knew as much when they made the challenged statements. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008). It is not enough for Plaintiff to allege that Cassandra's purported omniscience will provide the necessary specific facts later. *See id.* ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet this standard.")

Plaintiff's omission theory likewise fails. Pleading that an opinion was false because of undisclosed facts is "no small task for an investor." *City of Dearborn*, 856 F.3d at 615 (quoting *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1332 (2015). And even when read in the light most favorable to the Plaintiff, his argument that Defendants should have mentioned the "offset" in subscriber figures based on the release of a popular show is not a consideration "whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *See id.* (quoting *Omnicare*, 135 S. Ct. at 1332). At best, that information was a "fact cutting the other way," which cannot establish liability. *See id.* (quoting *Omnicare*, 135 S. Ct. at 1332)

Finally, any failure on the part of Defendants to inform investors in quarterly reports of the basic economic principle that higher prices can lower sales cannot constitute a material omission: investors need not be informed of the obvious. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1418 (9th Cir. 1994); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 505 (9th Cir. 1992).

**B.     Scienter**

The FAC's scienter allegations are similarly insufficient to survive Defendants' dismissal

motion. Here, the Court conducts an individualized and "holistic review" of the allegations to determine whether they "combine to create a strong inference of intentional conduct or deliberate recklessness." *See City of Dearborn*, 856 F.3d at 620 (quotations omitted). In "determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). In turn, "[t]he strength of an inference cannot be decided in a vacuum" and "a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 323–24. Thus, a complaint will only survive a motion to dismiss "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324; *see also In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701–02 (9th Cir. 2012).

When viewed as a whole, the FAC's factual allegations do not plausibly suggest that Defendants intentionally misled investors about the price increase's impact on subscriber figures. While the Court reaches this conclusion after a "holistic" inquiry, it is worth identifying flaws in particular allegations. For example, Plaintiff contends that Defendants' Q3 statements were tacit admissions that Defendants' *intentionally* misled investors with their post-Q2 statements. FAC ¶ 98. But that inference is far less compelling than the alternative: Defendants' Q3 statements were based on additional information and did not demonstrate that Defendants prior statements were misrepresentations at all, let alone *intentional* misrepresentations. And Plaintiff's claim that Defendants knew from prior experience that price increases have a substantially negative effect on subscription figures is far less compelling than the alternative: Defendants' prior experience showed that *substantial* price increases have a substantially negative effect on subscription figures, but a minor increase presented an entirely different circumstance.

More broadly, Plaintiff's failure to adequately plead scienter is related to his failure to plead falsity. Although falsity and scienter are distinct inquiries, Plaintiff's ability to plead facts showing Defendants acted with the requisite scienter is substantially hindered by his inability to

plead the existence of a materially false or misleading statement or omission.[2]

Notwithstanding the above-discussed deficiencies, the Court cannot definitively say at this stage that Plaintiff could not state his claims with sufficient specificity. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (allowing a court to grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts"). The Court will therefore provide Plaintiff with an additional opportunity to amend his complaint.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion **WITH LEAVE TO AMEND**. Any amended complaint must include a statement-by-statement analysis of any allegedly actionable statements—demonstrating both falsity and scienter—and must be filed within 28 days of the date of this order.

**IT IS SO ORDERED.**

Dated: 9/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Because the Court concludes that Plaintiff fails to adequately state falsity and scienter, the Court does not evaluate whether Plaintiff's claims are untimely. The Court notes, however, that any amended complaint should plead the facts Plaintiff contends establish timeliness.

8